# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SABAS IBARRA,                  )
                               )
          Petitioner,          )
                               )
     v.                        )       1:11CV530
                               )
ASST. SUP. R.R. RIVENBARK,     )
                               )
          Respondent.          )
```

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

On June 25, 2013, the Court (per Senior United States District Judge N. Carlton Tilley, Jr., adopting the recommendation of the undersigned United States Magistrate Judge) denied Petitioner's Petition brought under 28 U.S.C. § 2254. (Docket Entry 45, 46; see also Docket Entry 41.) On July 10, 2013, the Court docketed a "Petition for Rehearing and Petition for Rehearing En Banc," which Petitioner dated as signed on July 7, 2013. (Docket Entry 47.) The title given to the instant filing appears to invoke procedures applicable to an appeal, see Fed. R. App. P. 35(b) and (c), 40(a); however, in the interest of protecting any right to appeal that Petitioner might have, the Court should treat the instant filing as a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e), see Fed. R. App. P. 4(a)(1)(A) and (4)(A)(iv).

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P.

59(e). Accordingly, Petitioner timely made the instant filing. However, because Petitioner's instant filing merely seeks to reargue matters presented in filings he made prior to entry of judgment (compare Docket Entries 2, 9, and 44, with Docket Entry 47), it does not satisfy the standard for relief under Federal Rule of Civil Procedure 59(e), see Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) ("Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed. 1995))); Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993) ("[M]ere disagreement does not support a Rule 59(e) motion.").[1]

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Rehearing and Petition for Rehearing En Banc (Docket Entry 47) be treated as a motion to alter or to amend a judgment under Federal Rule of Civil Procedure 59(e) and be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

July 19, 2013

---

[1] Notably, the Recommendation adopted by the Court specifically assumed that a showing of actual innocence could overcome the time-bar applicable to the claims in the Petition, but concluded that Petitioner had made no such showing. (See Docket Entry 41 at 8-9.) Nothing in Petitioner's instant filing alters that conclusion. (See Docket Entry 47.) Accordingly, the decision in McQuiggin v. Perkins, ___ U.S. ___, 133 S. Ct. 1924 (2013), does not require the Court to revisit the judgment entered in this case.